## United Stated Bankruptcy Court, Northern District of Illinois

| Name of Assigned Judge | Carol A. Doyle | **Case No.** | 05 B 53494 |
|---|---|---|---|
| **DATE** | October 11, 2011 | **ADVERSARY NO.** | |
| **CASE TITLE** | In re Regina M. Laskero | | |
| **TITLE OF ORDER** | Order denying motion to reopen case and motion to enforce discharge | | |

**DOCKET ENTRY TEXT**

The debtor's motions to reopen Chapter 7 case and to enforce discharge are denied.

**[For further details see text below.]**

## STATEMENT

This matter is before the court on the motions to reopen the bankruptcy case and to enforce the debtor's discharge filed by the debtor, Regina M. Laskero. The motions were filed in response to the actions of a creditor, Joanna L. Challacombe, who is seeking to enforce a state-court judgment against Laskero. For the reasons explained below, both motions will be denied.

**I.    Background**

The following facts are undisputed. Prior to the bankruptcy case, Challacombe was appointed by the Circuit Court of Cook County to work as a guardian ad litem in a paternity case involving Laskero. When Challacombe's representation concluded in 2003, she was awarded a judgment against Laskero in the amount of $22,618 in attorneys' fees for her work on the case.

**STATEMENT**

On October 13, 2005, Laskero filed a chapter 7 bankruptcy petition. Challacombe then filed a motion for relief from the automatic stay to collect her judgment, which was denied. Challacombe did not seek a determination from the bankruptcy court that the debt was nondischargeable.  In 2006, Laskero received a discharge and the case was closed.

In December 2010, Challacombe filed a petition in state court seeking to revive the judgment in the amount of $17,618 plus interest after adjusting for payments made.  In April 2011, a judge in the Circuit Court of Cook County granted the petition to revive.

Laskero now seeks to reopen the bankruptcy case so she can enforce the discharge injunction against Challacombe.

**II.     Discharge of Debt**

The dispositive question in this case is whether the pre-petition debt owed by Laskero to Challacombe was discharged in the bankruptcy case..  The answer is no; the state court made a valid determination that the debt was not discharged that is binding on the parties and this court.

**A.     Determinations of Dischargeability**

Under § 727 of the Bankruptcy Code and the Federal Rules of Bankruptcy Procedure, a chapter 7 debtor receives a discharge unless a party files an adversary proceeding objecting to the discharge of all debts within 60 days after the first date set for the meeting of creditors.  11 U.S.C. §§ 727(a); Fed. R. Bankr. P. 4004(a).  If no objection to discharge is filed within this time limit, the clerk automatically issues an order of discharge.  The order of discharge does not mean, however, that all debts will necessarily be discharged in the bankruptcy.  Instead, § 523 of the Bankruptcy Code provides many grounds upon which individual debts can be determined to be nondischargeable even though the discharge order was entered.
.
Except in limited circumstances not relevant here, § 523(c) of the Bankruptcy Code and Rule 4007 of the Federal Rules of Bankruptcy Procedure impose deadlines for filing complaints to determine the dischargeability of only a few types of debts listed  in § 523(c)(1), which are §§ 523(a)(2), (4) and (6) under the current version of the Bankruptcy Code.  11 U.S.C. § 523(c)(1); Fed. R. Bankr. P. 4007(c).  Neither the Bankruptcy Code nor the Bankruptcy Rules imposes a time limit for determining the dischargeability of debts other than those specified in § 523(c)(1).  Thus, the fact that a discharge order was entered in Laskero's case in 2006 before any court determined the dischargeability of the debt owed to Challacombe does not mean that the debt was discharged.

# STATEMENT

Bankruptcy courts have exclusive jurisdiction to determine the dischargeability of debts under §§ 523(a)(2), (4) and (6). Bankruptcy courts and state courts have concurrent jurisdiction to determine the dischargeability of debts under the remaining provisions of § 523(a).

Under § 523(a)(5), a debt "owed to a spouse, former spouse, or child of the debtor, for alimony to, maintenance for, or support of such spouse or child" awarded by a court of record, is excepted from discharge. 11 U.S.C. § 523(a)(5) (2000) (amended 2005).[1] This exception to discharge encompasses attorneys' fees incurred in "a divorce proceeding, the obtaining and enforcement of alimony and/or support awards, or for custody disputes." *Eden v. Robert A. Chapski, Ltd. (In re Eden)*, 405 F.3d 582, 586 (7th Cir. 2005) (quoting *Falk & Siemer, LLP v. Maddigan (In re Maddigan)*, 312 F.3d 589, 595 (2d Cir. 2002)). State courts have concurrent jurisdiction to determine the dischargeability of debts pursuant to 11 U.S.C. § 523(a)(5). *Id.* (applying the pre-BAPCPA version of § 523(a)(5)).

## B. State Court Decided Nondischargeability in Petition to Revive Judgment

The Circuit Court of Cook County had jurisdiction to decide whether the debt owed to Challacombe was dischargeable under § 523(a)(5) of the Bankruptcy Code. The Circuit Court determined that the debt was nondischargeable under § 523(a)(5) in ruling on Challacombe's motion to revive the judgment. Under Illinois law, a judgment becomes dormant seven years after it is entered and must then be revived to be enforced. 735 ILCS 5/12-108; 735 ILCS 5/2-1602. There are only two permissible defenses to a petition to revive: the denial of the existence of the judgment, or proof of satisfaction or discharge of the action. *See Dept. Of Public Aid v. McGinnis*, 268 Ill. App. 3d 123, 131, 643 N.E.2d 281, 285 (4th Dist. 1994).

Challacombe filed a petition to revive the judgment. Laskero filed a motion to dismiss the petition to revive, arguing that the debt had been discharged in the bankruptcy. Challacombe argued in her response to the motion that the debt was nondischargeable under § 523(a)(5), citing several bankruptcy decisions on the issue.

---

[1] The 2005 Bankruptcy Abuse Prevention and Consumer Protection Act, or BAPCPA, significantly amended § 523(a)(5) of the Bankruptcy Code. *See* BAPCPA, Pub. L. No. 109-8, § 215(1)(A), 119 Stat. 54, 216 (2005). The amendments are only applicable to cases commenced on or after October 17, 2005. *Id.* Because Laskero's petition was filed prior to that date, the pre-BAPCPA version of § 523 applies.

-3-

**STATEMENT**

At the hearing on the petition to revive the judgment, the state court judge heard arguments on the dischargeability issue, stated that the debt was nondischargeable, and then denied the motion to dismiss and granted the petition to revive the judgment. This ruling was an adjudication of the nondischargeability of the debt under § 523(a)(5) of the Bankruptcy Code by a court of competent jurisdiction that is binding on the parties.

**C.    Laskero's Arguments**

Laskero raises many arguments in support of her motions that reflect a misunderstanding of the Bankruptcy Code. Some have been addressed in the discussion above. The remaining principal arguments are addressed below.

First, Laskero argues that the state court's analysis was incorrect for various reasons, including that it applied the current version of § 523(a)(5) rather than the version in effect when she filed her bankruptcy case. This court may not, however, determine whether a state court ruling was erroneous. The lower federal courts do not have jurisdiction "over claims seeking review of state court judgments because no matter how erroneous or unconstitutional the state court judgment may be, the Supreme Court of the United States is the only federal court that could have jurisdiction to review a state court judgment." *Brokaw v. Weaver*, 305 F.3d 660, 664 (7th Cir. 2002) (internal citation omitted). If Laskero believed that the state court interpreted § 523(a)(5) incorrectly, her only recourse was to appeal it to the Illinois appellate court.

Second, Laskero argues that Challacombe waited too long to obtain a determination of nondischargeability. As noted above, however, there is no time limit for seeking a determination of dischargeability under § 523(a)(5). Laskero mistakenly refers to the time limits for filing objections to discharge under § 727(a) and complaints to revoke a discharge under § 727(e), neither of which applies to a determination of the dischargeability of a particular debt.

Along the same lines, Laskero argues in her reply that dischargeability should have been determined under § 523(a)(15), which was one of the few types of dischargeability claims that had to be filed in bankruptcy court within 60 days of the first date set for the creditors' meeting under the pre-BAPCPA version of § 523(c)(1). She therefore contends that Challacombe lost her right to seek a determination of nondischargeability by not filing a complaint to determine the dischargeability of the debt before that time limit expired. As noted above, however, the state court determined that the debt was nondischargeable under § 523(a)(5), not § 523(a)(15). As with the other claimed errors of the state court, Laskero should have argued that § 523(a)(5) did

**STATEMENT**

not apply to the state court and appealed that decision if she thought it was incorrect. This court may not sit in review of the state court's decision.[2]

Finally, Laskero argues that the bankruptcy court's denial of Challacombe's motion for relief from stay somehow adjudicated the dischargeability of this debt under § 523(a)(5). The denial of the motion to lift the stay did not determine dischargeability. In fact, the court noted that the stay did not prevent Challacombe from attempting to collect the debt from assets that were not property of the estate, which would include post-petition income of Laskero.

**III.   Conclusion**

The state court made a determination that the judgment was not discharged in the Laskero's bankruptcy that is binding on the parties. The discharge injunction therefore does not apply to this debt so there is no reason to reopen the case. Both motions are denied.

Dated: October 11, 2011

ENTERED:

Carol A. Doyle
United States Bankruptcy Judge

---

[2] The court also notes that the state court's conclusion is supported by case law applying the pre-BAPCPA version of § 523(a)(5) to attorneys' fees of a guardian ad litem. *See, e.g., In re Samella Ramirez*, 2000 WL 356314 (Bankr. N.D. Ill. 2000). As the Court of Appeals for the Seventh Circuit has observed regarding paternity actions:
> Obligations arising from paternity determinations in favor of children born out of wedlock have been held nondischargeable [under § 523(a)(5)], even though not in connection with a separation agreement or a divorce decree. And awards of attorneys' fees for services in obtaining support orders have been held nondischargeable [under § 523(a)(5)] even though the attorney is neither a spouse, a former spouse, nor a child of the debtor.

*In re Rios*, 901 F.2d 71, 72 (7th Cir. 1990) (internal citations omitted).